IN THE UNITED STATES DISTRICT COURT
Eastern District of Wisconsin
Green Bay Division

| | |
|---|---|
| WINONA FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14-cv-1281 |
| v. | ) |
| | ) Judge |
| TROPICAL FOODS, LLC, | ) |
| | ) |
| Defendant | ) |

## VERIFIED COMPLAINT

Plaintiff, Winona Foods, Inc., hereby complains against the above-named Defendant as follows:

### Parties, Jurisdiction and Venue

1. Winona Foods Inc. ("Winona") is a corporation organized under the laws of the State of Wisconsin and having a business address of 1552 Lineville Road, Green Bay, Wisconsin 54313. Winona is in interstate commerce in the business of providing high-quality cheese to the food service, industrial, and retail trade segments of the food industry.

2. Upon information and belief, Defendant, Tropical Foods, LLC ("Tropical"), is a corporation organized under the laws of the State of Florida and having a business address of 10900 NW 25th Street, Suite 202, Miami, Florida 33172.

3. This Court has subject matter jurisdiction because this is a civil action arising under the unfair competition laws of the United States, namely, the Lanham Act, jurisdiction being based on 15 USC §1125(a)(1)(A) and 28 USC §1338(b).

4. This Court has personal jurisdiction over Defendant because Defendant has done business in this judicial district, including without limitation, on information and belief, as

follows:

>A. Upon information and belief, Defendant has purposefully directed goods into the stream of commerce with the expectation that such goods, which include goods identified with the subject infringing DELICATEZZA trademark at issue in this proceeding, would be purchased in this judicial district.
>
>B. The business activities of Defendant and/or one or more agents thereof include the buying, promoting, offering and selling of goods to persons located in this judicial district.
>
>C. The business activities of Defendant (and/or agents thereof) have included advertisement and promotion of products, including products with which the subject infringing DELICATEZZA trademark is used, in publications based in this judicial district, including without limitation the website "www.tropicalfoodsllc.com."

5. Venue is proper in this judicial district under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district in that Defendant has committed acts of unfair competition in violation of 15 USC §1125(a)(1)(A) and Defendant transacts business generally within this judicial district.

**Background Facts**

6. Since at least as early as January 16, 2006, long prior to infringing use by Defendant, Winona has continuously been using DELICATEZZA (the "Subject Trademark") as a trademark in commerce on cheese throughout the United States. Winona has well-established common law rights in its DELICATEZZA mark throughout the entire United States. Attached as Exhibit A is

a true and correct copy of a Winona invoice showing use of the mark as early as January 16, 2006.

7. Winona has expended substantial efforts to promote and sell cheese products all over the country under its DELICATEZZA mark, has sold millions of pounds of its DELICATEZZA cheese products, and has continuously used such unregistered DELICATEZZA mark in the United States since at least as early as January 16, 2006.

8. Long before the acts complained of herein, the Subject Trademark, through such long use, developed public acceptance and recognition and became distinctive of Winona's high-quality cheese products in commerce, such that the Subject Trademark signifies the single source of such products, namely, Winona. The Subject Trademark is an asset of substantial value to Winona.

9. Unbeknownst to Winona, on July 18, 2012 Defendant filed a trademark application with the United States Patent & Trademark Office for DELICATEZZA ("Defendant's infringing mark"), claiming a first use date of October 1, 2012. A subsequent trademark registration was granted on April 2, 2013 (and assigned Registration No. 4,314,901) for the following goods, namely, "cheese." Such registration is referred to herein as the "901 Registration."

10. On September 10, 2013, Winona filed a Petition to Cancel Defendant's infringing mark with the United States Trademark Trial & Appeal Board. The cancellation action, which of course seeks only to cancel the '901 Registration, is currently pending, but since the filing of such action Defendant has continued to use the Defendant's infringing mark on Defendant's cheese products.

11. Defendant's infringing mark is identical both phonetically and visually to Winona's Subject Trademark; it so resembles the Subject Trademark as to be likely to cause confusion, mistake or to deceive the public.

12. Defendant's infringing mark is used on goods, namely, cheese, that are identical to the goods on which Winona's Subject Trademark is used, namely, cheese. Attached as Exhibit B are true and correct copies of several of Winona's DELICATEZZA labels and advertising pieces showing use of the mark on cheese; attached as Exhibit C is a printout out from Defendant's website showing Defendant's infringing "Delicatezza" mark used on cheese.

13. Purchasers of Defendant's goods sold under Defendant's infringing mark would be very likely to believe that Defendant's goods originate from the same source as the goods sold by Winona under Winona's DELICATEZZA mark.

14. If Defendant's use of Defendant's infringing mark were to continue, this will result in a continued likelihood of public confusion and damage to Winona, including without limitation by lessening the capacity of Winona's trademark to signify the source of Winona's goods. Such conduct will also result in a loss of Winona's control over the favorable reputation it has gained.

15. Winona verily believes that, given the fact that Defendant's infringing "Delicatezza" mark is identical to Winona's subject DELICATEZZA mark and like Winona's Subject Trademark is used on cheese, Defendant's adoption and use of the infringing "Delicatezza" mark constitutes intentional infringement. In any event, Defendant's *continuing* use of Defendant's infringing mark has been intentional since being notified of its infringement and learning of Winona's cancellation proceedings against Defendant's '901 Registration.

## COUNT I -- Unfair Competition
## Under Section 43(a)(1)(A) of the Lanham Act

16. This claim arises under §43(a)(1)(A) of the Lanham Act (15 USC §1125(a)(1)(A)).

17. The allegations in Paragraphs 1-16 above are incorporated by reference in this Count.

18. Use of Defendant's infringing mark is likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendant with Winona or as to the origin, sponsorship or approval of the goods of Defendant, in that persons may believe that such goods are from, sponsored by or approved by Winona. Thus, such unauthorized use of Winona's DELICATEZZA mark constitutes unfair competition and false designation of origin in violation of 15 USC §1125(a)(1)(A).

19. Winona is damaged and will continue to be damaged by such acts of Defendant. Such false designation of origin by the foregoing actions is greatly and irreparably damaging to Winona and will continue to damage Winona unless enjoined by this Court; thus, Winona is without an adequate remedy at law.

## COUNT II -- Common Law Trademark Infringement and Unfair Competition

20. This claim arises under the common law of the State of Wisconsin relating to unfair competition.

21. The allegations in paragraphs 1-20 above are incorporated by reference in this Count.

22. The conduct of the Defendant as set forth in Count I above constitutes common law trademark infringement and unfair competition in violation of the common law of the State of Wisconsin (Wisconsin Statute Chapter 132).

23. Winona and the public interest are damaged and will continue to be damaged by such acts of Defendant. Such conduct is greatly and irreparably damaging to Winona and will continue to damage Winona unless enjoined by this Court.

* * * * *

WHEREFORE, Plaintiff, Winona Foods, Inc., requests that this Court enter judgment against Defendant as follows:

A. An order against Defendant, its agents, employees, and all others acting in concert or participation with Defendant preliminarily and permanently enjoining and restraining them from using the mark "Delicatezza" or any other mark confusingly similar to Plaintiff's subject DELICATEZZA mark in any form and in any way in the United States, including without limitation in connection with cheese;

B. An order requiring Defendant to deliver up for destruction all documents and things in their possession or under their control which bear the infringing mark or are used in production of products and things bearing the infringing mark, including without limitation all promotional materials and literature, advertising, handouts, mailers, stationery and photographs;

C. An order cancelling Defendant's DELICATEZZA registration (U.S. Registration No. 4,314,901);

D. An order awarding compensatory damages in an amount to be proven at trial;

E. An order finding that this is an exceptional case within the meaning of 15 USC §1117 in that Defendant's unfair competition and infringement was intentional;

F. An award of treble damages pursuant to 15 USC §1117;

G. An award of Winona's attorney's fees;

H. An award of expenses, costs and disbursements of this action; and

I. An order of such other and further relief as the Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Dated this 15th day of October, 2014.

WINONA FOODS, INC.

By _____
Julie F. Kirby
One of the Attorneys for Plaintiff

Peter N. Jansson
Julie F. Kirby
JANSSON MUNGER MCKINLEY & SHAPE LTD.
601 Lake Avenue
Racine, WI 53403
Telephone: (262) 632-6900

## VERIFICATION

STATE OF WISCONSIN )
)
COUNTY OF BROWN )

The undersigned, being first duly sworn, states as follows: that he is the Vice President of Winona Foods, Inc., plaintiff in this action; that he has read the allegations in the Verified Complaint; that he knows the contents thereof and that the same are true to his knowledge, except that, as to matters alleged on information and belief, he verily believes such allegations to be true.

*[signature]*
David Meyer
Vice President of Winona Foods, Inc.

Subscribed and sworn to before me this
15th day of October, 2014.

*[signature]*
Notary Public, Brown County, Wisconsin
My commission expires 12/14/14.